Harry ZIRLIN, Plaintiff–Appellant,

v.

VILLAGE OF SCARSDALE, Village of Scarsdale Police Department, Chief of Police, Chief of Police John A. Brogan, The Village of Scarsdale, P.O.'s John Does and the Village of Scarsdale Police Officers # 1–9, Defendants–Appellees.

No. 05–2067.

United States Court of Appeals, Second Circuit.

Dec. 28, 2005.

Harry Zirlin, Scarsdale, N.Y. (Bruce E. Menken, Berenbaum Menken, Ben–Asher & Bierman LLP, New York, NY, on the brief), for Plaintiff–Appellant.

Carol R. Finocchio (Lisa M. Comeau, on the brief), Law Offices of Patrick Colligan, New York, NY., for Defendants–Appellees.

Present: Hon. Thomas J. MESKILL, Hon. Sonia SOTOMAYOR, Circuit Judges, and Hon. Lewis A. KAPLAN, District

Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Southern District of New York (Brieant, J.) is **AFFIRMED.**

Plaintiff-appellant Harry Zirlin appeals from the judgment of the district court. He argues that the court erred in denying his pre-trial motion for summary judgment under Fed.R.Civ.P. 56 and dismissing his claims under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Zirlin appeals also from the district court's denial of his post-trial motion for judgment as a matter of law under Fed.R.Civ.P. 50(b). We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

■ Zirlin argues that the female motorist's tip that there was a man in the woods with an open knife did not "exhibit[ ] sufficient indicia of reliability," *Florida v. J.L.,* 529 U.S. 266, 270, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) (citation and internal quotation marks omitted), to give rise to reasonable suspicion to justify the investigating officers' decision to stop and frisk him. Zirlin's reliance on *Florida v. J.L.* is misplaced. In *J.L.,* the Supreme Court held that an anonymous "call made from an unknown location by an unknown caller" who reported that a young, black male in a plaid shirt standing at a particular bus stop was carrying a gun did not bear sufficient indicia of reliability to give rise to reasonable suspicion on the part of the investigating officers. *Id.* In the instant

case, the tipster was not fully anonymous; she remained at the scene after the tip was reported, and when Sergeant Pobereskin arrived, she conveyed her tip to him directly. Although the tipster did not identify herself by name, she placed herself in a position where she could easily be identified and held accountable for her intervention. Her tip was thus endowed with sufficient indicia of reliability to give rise to reasonable suspicion on the part of the investigating officers. *Id.* at 276 (Kennedy, J., concurring) (contrasting a truly anonymous tip from a tip conveyed to a police officer from an unnamed individual at the scene); *United States v. Bold,* 19 F.3d 99, 102 (2d Cir.1994) (describing our reasoning in *United States v. Salazar,* 945 F.2d 47, 50–51 (2d Cir.1991), that a "face-to-face informant must be thought more reliable than an anonymous telephone tipster, for [the] former runs the greater risk that he may be held accountable if his information proves false").

*Zirlin* argues that even if the tip was reliable, the possession of a knife is not a crime and that the police had no reason to suspect he was "armed and dangerous." In the totality of the circumstances—including the reliability of the informant's tip, the fact that a knife can be a deadly weapon, and the fact that the investigating officers were aware of a recent, hostile dispute at a sanitation plant bordering the woods—there is no question that the investigating officers were "warranted in the belief that [their] safety or that of others was in danger." *United States v. Rahman,* 189 F.3d 88, 120 (2d Cir.1999) (citation and internal quotation marks omitted). Moreover, we have held that when a police officer believes that an individual poses a safety threat, the officer is permitted "to

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

take necessary measures ... to neutralize the threat without converting a reasonable stop into a *de facto* arrest." *United States v. Newton,* 369 F.3d 659, 674 (2d Cir.2004) (citation and internal quotation marks omitted; alteration in original). Although a lawful seizure may "become unlawful if it is prolonged beyond the time reasonably required to complete the mission," *Muehler v. Mena,* — U.S. ——, ——, 125 S.Ct. 1465, 1471, 161 L.Ed.2d 299 (2005) (citation and internal quotation marks omitted), the incidents at issue here lasted no more than a few minutes and merely enabled the police to determine that Zirlin posed no immediate threat to their safety or his own.

■ Zirlin further argues that the district court erred when it informed the jury that officers may conduct *Terry* stops if they have reason to believe they are dealing with an "armed *or* dangerous individual." Zirlin has failed to make the requisite showing that this instruction infringed his "substantial rights" or that it seriously affected "the fairness, integrity, or public reputation of judicial proceedings." *See Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (citation and internal quotation marks omitted). Zirlin argues also that the district court improperly dismissed his *Monell* claims. Because we have identified no constitutional violation in this case, we decline to reinstate these claims.

We have considered Zirlin's additional arguments and find them to be without merit. For the reasons discussed, we AFFIRM the district court's judgment.